**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DON MIGUEL LEE,

Plaintiff,
v.

Civil Action No. 4:26-CV-13445
Honorable F. Kay Behm
United States District Judge

JESSICA FRANCE BLANCH, et. al.,

Defendants,
_________________________________/

**OPINION AND ORDER SUMMARILY DISMISSING THE CIVIL RIGHTS COMPLAINT AND DENYING THE MOTION FOR COUNSEL (ECF No. 3)**

## I. Introduction

Before the Court is Plaintiff Don Miguel Lee's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff is a state prisoner currently incarcerated at the Chippewa Correctional Facility in Kincheloe, Michigan. The Court has reviewed the complaint and now **DISMISSES IT WITH PREJUDICE BECAUSE THE DEFENDANTS NAMED IN THE COMPLAINT ARE IMMUNE FROM BEING SUED.** The motion for counsel is **DENIED.**

## II. Standard of Review

Plaintiff paid the entire filing fee of $ 350.00, plus the $ 55.00 administrative fee, rendering inapplicable this Court's authority to screen his complaint for frivolity

or maliciousness pursuant to a portion of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(e)(2). However, the Court has an initial and continuing obligation under Fed. R. Civ. P. 12(b)(1) to review and dismiss cases in which the Court lacks subject matter jurisdiction. Because the Court finds that Plaintiff's claims are devoid of merit or no longer open to discussion, the Court *sua sponte* dismisses the complaint for lack of subject matter jurisdiction.

A federal district court's authority to screen and *sua sponte* dismiss complaints under 28 U.S.C. § 1915(e)(2) is limited to those prisoner complaints that are filed *in forma pauperis*. *Benson v. O'Brian*, 179 F.3d 1014, 1015 (6th Cir. 1999). Plaintiff did not file his complaint in this case as an indigent, but paid the filing fee and did not seek *in forma pauperis* status. As a general rule, a district court may not *sua sponte* dismiss a complaint where the filing fee has been paid unless the court gives the plaintiff the opportunity to amend the complaint. *Apple v. Glenn,* 183 F. 3d 477, 479 (6th Cir. 1999).

However, a review of a prisoner's civil rights complaint pursuant to 28 U.S.C. § 1915A is appropriate regardless of whether the prisoner has sought *in forma pauperis* status when the claim is brought against a governmental entity. *Benson*, 179 F.3d at 1017. Therefore, if a prisoner's complaint seeks relief from a governmental entity, officer, or employee, Congress has directed that the district court must dismiss it, or any part thereof, which (a) is frivolous, malicious, or fails

to state a claim upon which relief can be granted, or (b) seeks monetary relief from a defendant who is immune from suit for monetary damages. 28 U.S.C. § 1915A. Furthermore, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F. 3d at 479 (*citing Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that patently frivolous, attenuated, or unsubstantial claims divest the district court of jurisdiction)).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "A complaint lacks an arguable basis in law or fact if it ... is based on legal theories that are indisputably meritless." *Brown v. Bargery*, 207 F. 3d 863, 866 (6th Cir. 2000) (*citing Neitzke*, 490 U.S. at 327-28). A complaint fails to state a claim "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown*, 207 F.3d at 867. *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F. 3d at 612; *Goodell v. Anthony,* 157 F. Supp. 2d 796, 799 (E.D. Mich. 2001).

A *pro se* litigant's complaint is to be construed liberally, *Middleton v. McGinnis*, 860 F. Supp. 391, 392 (E.D. Mich. 1994) (*citing Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); that is, they are held to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Such complaints, however, must plead facts sufficient to show a legal wrong has been committed from which plaintiff may be granted relief. Fed. R. Civ. P. 12(b); *Dekoven v. Bell,* 140 F. Supp. 2d 748, 755 (E.D. Mich.2001).

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(footnote and citations omitted). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (*citing Twombly*, 550 U.S. at 556).

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must show that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v.*

*Ribar*, 156 F. 3d 673, 677 (6th Cir. 1998) (*citing Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).

## III. Complaint

Plaintiff sues Defendant Jessica France Blanch, an assistant prosecuting attorney for the Washtenaw County Prosecutor's Office and Defendant Eli Noam Savit, the Washtenaw County Prosecuting Attorney.

On or about September 26, 2024, Defendant Blanch came before Judge Cedric Simpson in a pending criminal case that Plaintiff had before that judge and informed him that Plaintiff would be charged with U.D.A.A. (Unlawfully Driving Away An Automobile). Plaintiff alleges that on the same day, Defendant Savit came before Judge Elish V. Fink of the 14A-1 District Court during a complaint authorization hearing conducted via Zoom. At this hearing, Judge Fink determined that there was no probable cause to charge Plaintiff with U.D.A.A. Nonetheless, that same day, Judge Cedric Simpson of the same court raised Plaintiff's bond in his other case, based on the statement by Defendant Blanch that new charges were being brought.

On September 30, 2026, Defendant Savit made a second attempt to have Plaintiff charged with U.D.A.A. The judge denied the request, again finding that there was no probable cause to charge Plaintiff. Judge Fink told Savit that Blanch "needs to let this go" and that her facts did not coincide with the elements of the law.

On October 2, 2024, Plaintiff's bond was reduced in his other case or cases. [1]

Plaintiff claims that the two defendants failed to conduct an adequate pre-trial inquiry to determine whether the facts supported a charge against him of Unlawfully Driving Away an Automobile. Plaintiff seeks monetary damages.

## IV. Discussion

Defendants Blanch and Savit are immune from lawsuit for their actions as prosecutors in their attempt to charge Plaintiff with a crime. "Absolute prosecutorial immunity, like absolute judicial immunity, is a common law principle that shields a prosecutor from § 1983 liability." *Cooper v. Parrish*, 203 F.3d 937, 946 (6th Cir. 2000). A prosecutor has absolute immunity for all acts "intimately associated with the judicial phase of the criminal process," such as "initiating a prosecution and ... presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976).

The Sixth Circuit has held:

> Those acts that occur in the course of the prosecutor's role as an advocate for the state, e.g., acts taken to prepare for the initiation of judicial proceedings or to prepare for trial, are protected by absolute immunity. By contrast, a prosecutor who "performs the investigative functions normally performed by a detective or police officer" such as "searching for the clues and corroboration that might give him probable cause to recommend that a suspect be arrested" is entitled only at most to qualified immunity.

---

[1] Plaintiff has since been convicted of first-degree criminal sexual conduct, assault with intent to do great bodily harm less than murder and domestic violence/knowingly assaulting a pregnant individual in one case, receiving 18-40 years on that case and was convicted of bribing or intimidating a witness in another case and received 3-10 years in prison on that case. https://mdocweb.state.mi.us/OTIS2/Profile.

*Cooper*, 203 F.3d at 947 (internal citations omitted). As with judicial immunity, the motives of the prosecutor are irrelevant for purposes of immunity. *Eldridge v. Gibson*, 332 F.3d 1019, 1021 (6th Cir. 2003). Indeed, absolute prosecutorial immunity is not overcome by a showing that the prosecutor acted wrongfully or maliciously. *Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989).

A prosecutor's decision to file a criminal complaint and seek an arrest warrant, as well as the presentation of charging documents to a judicial officer and procurement of an arrest warrant, are part of the formal process of initiating a prosecution and securing the presence of the accused at trial, for which a prosecutor is protected by absolute immunity. *Ireland v. Tunis*, 113 F.3d 1435, 1446-47 (6th Cir. 1997); *see also Rieves v. Town of Smyrna, Tennessee*, 959 F.3d 678, 691 (6th Cir. 2020) (a prosecutor is entitled to absolute immunity for his or her participation in a probable cause hearing or in filing an information). Defendants are thus entitled to absolute immunity from their attempts to charge Plaintiff with U.D.A.A., even if they lacked probable cause to do so. *See Huffer v. Bogen*, 503 F. App'x 455, 460 (6th Cir. 2012) (Prosecutors who brought domestic violence charges against suspect were entitled to absolute prosecutorial immunity from liability in suspect's § 1983 action, despite allegation that they prosecuted suspect without probable cause and based on false information). Prosecutors do not lose their absolute immunity even if they knowingly make false statements while advocating before court, as Petitioner

alleges happened. *See Pittman v. Cuyahoga Cnty. Dep't of Child. & Fam. Servs.*, 640 F.3d 716, 725 (6th Cir. 2011). Plaintiff cannot maintain his claim against the defendants.

The Court also denies Plaintiff's motion for the appointment of counsel. Although there is a fundamental constitutional right to counsel in criminal cases, there is no constitutional right to appointed counsel in a civil case. *Abdur-Rahman v. Michigan Dep't of Corrections,* 65 F.3d 489, 492 (6th Cir. 1995). Plaintiff also does not have a statutory right to the appointment of counsel in a federal civil rights case. *See Glover v. Johnson*, 75 F. 3d 264, 268 (6th Cir. 1996). Appointment of counsel is not appropriate in a civil case where a *pro se* litigant's claims are frivolous or without merit. *See Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993). Plaintiff cannot maintain his claim against the defendants because they are immune from suit; thus, the Court declines to appoint counsel.

## V. ORDER

Accordingly, it is **ORDERED** that:

> The complaint is **DISMISSED WITH PREJUDICE because the defendants named in the complaint are absolutely immune from being sued.**

Date: October 21, 2026

s/F. Kay Behm
F. Kay Behm
United States District Judge